William C. Walls, Administrator, d. b. n. c. t. a. of the Estate of John Walls, Deceased, v. Margaret A. Walls, Executrix of the last will and testament of Augustus G. Walls, Deceased, Appellant.

*Promissory notes—Payment—Evidence.*

In an action by a father's administrator against a son's executrix on a note under seal, there was evidence of a lapse of seven years between the date of the note and the death of the father, without there ever having been a demand for payment; that several years after the date of the note the father gave his own note to the son, and subsequently paid over half of it; that after the son's death the father, in a conversation as to his son's indebtedness, said: "I guess he does not owe any debts;" that when the executrix of the son, by public advertisement, requested creditors to present their demands, the father gave no notice of any debt due to him, although he lived a year afterwards. The defendant offered in evidence the will of a relative appointing the father executor, and giving the son a legacy, the intention of the offer being to show that after the date of the note in suit the father had in his hands sufficient funds belonging to his son as legatee to pay the note. *Held* that the will should have been admitted in evidence, as it was a link in the chain of circumstances, which taken in connection with the other facts, might have aided in inducing the belief that the note had been paid.

In such a case the fact of funds in the hands of a creditor is some evidence of payment of the debt, and the admission of such a fact as evidence tending to raise a presumption of payment is not a settlement of accounts in the common pleas which should be settled in the orphans' court.

*Evidence—Pleading—Non assumpsit—Payment.*

In an action upon a promissory note, it is competent under the general issue for defendant to show that plaintiff ought not to recover by adducing in evidence facts which would tend to raise the presumption of payment.

*Evidence—Writings—Rules of court.*

A rule of court which provides that either party to an action may require in writing of the opposite party an exhibition of any paper upon which the action is founded, or which is relied upon as a defense, does not apply to a public record, such as a probated will, offered in evidence in connection

with many other facts to raise a presumption of payment of the note upon which the suit was brought.

*Promissory notes—Presumption of payment—Failure to make demand.*

No presumption of payment of a note under seal arises from the mere neglect by the payee to make a demand for payment during his lifetime. Such neglect, however, may be considered by the jury, along with other facts in the case, in determining whether the whole evidence warranted a presumption of payment.

Argued May 15, 1895. Appeal, No. 343, Jan. T., 1895, by defendant, from judgment of C. P. Union Co., Sept. T., 1893, No. 67, on verdict for plaintiff. Before Sterrett, C. J., Green, McCollum, Mitchell and Dean, JJ. Reversed.

Assumpsit on a promissory note.

The facts appear by the opinion of the Supreme Court.

At the trial the defendant made the following offer:

Mr. Orwig: " We offer the will of Margaret Walls, deceased, dated the 4th of May, 1858. This offered for the purpose of showing that John Walls was executor and trustee under the will, and that his son, A. G. Walls, is a legatee. To be followed with evidence showing that Judge (John) Walls had in his hands assets belonging to his son Dr. A. G. Walls sufficient, and more than sufficient, to pay the note in suit.

" This offered, in connection with the testimony already in the case, as a fact to go to the jury for the purpose of enabling them to determine whether or not the note in suit was paid."

Mr. Leiser: " To which the plaintiff objects:

" First. That it is not proper evidence for the purpose offered.

" Second. That it is not evidence under the pleadings and the notice given to the defendant's counsel under rules 99 and 100 of the rules of court and the specifications of matters of defense furnished to plaintiff's counsel; no reference to the will of Margaret Walls, nor any statement of the estate of Margaret Walls, nor any claim thereunder being referred to or made part of the defense in such specification.

" Third. That it is not offered to be shown that the estate of Margaret Walls was ever settled, or that A. G. Walls by the settlement of that estate was entitled to anything therein.

" Fourth. That no account of the decedent's estate can be settled by the court of common pleas, and this court cannot

before the jury settle the estate of Margaret Walls for the purpose of determining what, if anything, is coming to A. G. Walls, whose executrix is the defendant in this suit.

" Fifth. There has been no offer to show any such settlement nor any specific amount due or owing A. G. Walls, coming to him under the will of Margaret Walls, deceased, and

" Lastly. Immaterial and irrelevant."

Mr. Orwig: " We want to add to the purpose of our first offer the further purpose, to show that there were assets belonging to the estate of Margaret Walls in the hands of Judge Walls, and which were by the will devised to Dr. A. G. Walls; and in support of the presumption that is raised upon these facts, that when Judge Walls said there was nothing due, or he thought Gust. had no debts, he had in mind the fact that there was nothing due to himself on account of the note in suit by reason of the fact that he had never paid to his son the money that belonged to him under this will; and as a fact to go to the jury for the purpose of enabling them to determine whether or not the presumption already raised upon the evidence in the case is founded on some substantial thing in the hands of Judge Walls and belonging to his son, and for which he had not accounted, as a reason for his declaring that his son owed him nothing."

The Court: " Has this estate of Margaret Walls ever been settled ? "

Mr. Orwig: " No, sir."

The Court: " We sustain the objection, to which the defendant excepts and bill sealed." [1]

Mr. Linn: " We renew the offer of the will of Margaret Walls, deceased, together with the citation to account and the answer. This offered for the purpose of showing that between the time that this note in suit was given and the time that suit has been brought upon it there was an estate of Margaret Walls in the hands of Judge Walls; to raise a presumption that the note of one thousand dollars was paid, and to account for the nonproduction of it and nondemand of it by Judge Walls in his lifetime.

" We offer it to show that there were such circumstances in existence after the note on which suit was brought from which payment can be presumed."

Mr. Leiser: " We object:

" First. Not evidence for the purpose offered.

" Second. Not evidence under the pleading, not having been set out in the specifications submitted by the defendant's counsel to plaintiff's counsel under the request made under rules 99 and 100. The matter now offered being in the nature of payment or set-off under the rules of court covering specification of such payment or set-off, and no notice of the matter now offered has been furnished as required by the rule.

" Third. That there was no settlement of the estate of Margaret Walls in the orphans' court.

" Fourth. Nor is there any offer to show a settlement of the estate of Margaret Walls, deceased, in the orphans' court, or that A. G. Walls upon such settlement became and was entitled to any sum of money from John Walls, whose administrator is the plaintiff in this case.

" Fifth. That no account or settlement of the estate of Margaret Walls can be made by this court in this proceeding.

" Sixth. That the claims are not in the same right and, therefore, the presumption would not arise in any event.

" Seventh. That an inspection of the papers offered shows that in no case could John Walls, or any one representing him, be called upon to account.

" Eighth. That an inspection of the papers offered prove that A. G. Walls in his lifetime and in the lifetime of John Walls received his full share in the estate of Margaret Walls and more.

" Lastly. Immaterial and irrelevant."

The Court: " If there had been any adjudication by the proper court to show the amount in his hands we would have no hesitancy in admitting the testimony.

" The difficulty I see about this is to know what this lady died seized of. She may have left a will and provided for a good many things and not have sufficient estate to carry it out. We sustain the former ruling and the defendant excepts and bill sealed." [2]

The will of John Walls, plaintiff's testator, was offered in evidence by defendant, which on objection was rejected and bill sealed for defendant. [3]

Plaintiff's point was as follows :

" That no presumption of payment of the note of March 6, 1883, for one thousand dollars arises because of the nonpresentation of the claim therefor by John Walls in his lifetime to M. A. Walls, executrix of A. G. Walls, deceased, between the date of her advertisement, July 21, 1890, of grant of letters testamentary, and June 5, 1891, the date of death of John Walls, to wit, within one year from the date of the death of A. G. Walls, deceased, and grant of letters on his will; and that there is no evidence that he did not make such claim. *Answer :* We affirm this point." [4]

Verdict and judgment for plaintiff for $1,342.65. Defendant appealed.

*Errors assigned* were, (1–3) rulings on evidence, quoting the bill of exceptions; (4) above instruction, quoting it.

*J. M. Linn, P. B. Linn* and *S. H. Orwig* with him, for appellant.—There are many presumptions, which, standing alone, would be of little or no weight, but when considered in connection with other facts form a link in the chain of evidence, and render complete a body of proof which would otherwise be imperfect : 19 Am. & Eng. Ency. of Law, 57 ; Best's Ev., sec. 320 ; Lee v. Newell, 107 Pa. 283.

Slight proof of payment does not raise a presumption of payment except where there is such confidential relation between the parties as will call into exercise that artificial presumption, which courts resort to in such cases, to aid and help out defective proof : 18 Am. & Eng. Ency. of Law, 204 ; Vaughn v. Llewellyn, 94 N. C. 472.

The existence of means of payment in the hands of the creditor and the lapse of time are conclusive evidence of an actual discharge of the debt, or are themselves facts which require a court of equity to adjudge such application to have been made : Belden v. State, 8 N. E. 363 ; Bentley's App., 99 Pa. 500.

The question is whether the time that did elapse was competent, in connection with such circumstances as were offered, to go to the jury as ground for their presuming payment of the note : King v. Coulter, 2 Grant, 77.

It is to be observed that the pleas in this case are non assumpsit, payment, set-off, statute of limitations. There is no leave

asked to give special matter in evidence. And if there had been, the only effect of omitting to give notice of special matter is to confine the defense to the general matters strictly admissible under the pleas on the record : Moyer's Admr. v. Fisher, 24 Pa. 513 ; Beals v. See, 10 Pa. 56 ; Lyon v. Marclay, 1 Watts, 271 ; Dawson v. Tibbs, 4 Yeates, 349.

Even a release executed after suit brought may be given under the general issue : Lyons v. Marclay, 1 Watts, 271.

Under the plea of non assumpsit the defendant is entitled to give in evidence anything which shows that at the time the action commenced the plaintiff had no right to recover : Scott v. Kittanning Coal Co., 89 Pa. 231 ; 3 Am. & Eng. Ency. of Law, 301 ; Neff's App., 48 Pa. 501.

*Andrew A. Leiser*, for appellee.—The wills were properly excluded : Higgins Carpet Co. v. Latimer, 165 Pa. 617.

A set-off is not allowed unless the debts be due in the same right : Darroch v. Hay, 2 Yeates, 208 ; Stuart v. Com., 8 Watts, 74 ; McCracken v. Elder, 10 Casey, 239 ; Tagg v. Bowman, 99 Pa. 376 ; Prouty v. Hudson, 5 Clark, 311 ; Shearman v. Morrison, 149 Pa. 386.

A set-off must be a right to a sum certain and not simply a right to an account : Ahl v. Rhoads, 84 Pa. 319 ; Minich v. Cozier, 2 Rawle, 110.

The offer here was of the will of Margaret Walls, but there was no offer to prove any settlement of her estate, nor that any sum was found due to A. G. Walls upon such settlement ; but the sum coming to him, if any, could only be determined by and upon such a settlement, and that cannot be made in the common pleas : Maurer v. Kerper, 102 Pa. 444 ; Bouslough v. Bouslough, 68 Pa. 495.

But even assuming that there had been a settlement of the estate of Margaret Walls and that A. G. Walls was entitled to receive something as legatee and distributee, that would not be evidence of a payment of A. G. Walls' debt to John Walls : Bradshaw's App., 3 Grant's Cases, 109.

A presumption cannot be based on an assumption ; it cannot be founded on a presumption ; it must rest on a fact proved : Douglass v. Mitchell, 35 Pa. 440 ; Phila. City Pass. Ry. v. Henrice, 92 Pa. 431 ; Dettra v. Kestner, 147 Pa. 566 ; Hink-

ley v. Walters, 8 Watts, 260; Gilmore v. Reed, 76 Pa. 462; Beaty v. Bordwell, 91 Pa. 458.

And where a state of facts could not be inferred on a demurrer to evidence, it is error to submit it to the jury as possible, and thereby affording a reconciliation of contradictory testimony : Haines v. Stouffer, 10 Pa. 363.

An inspection of the record shows that there is no evidence that John Walls did not present a claim against the estate of A. G. Walls, deceased, to his executrix, within twelve months from the date of her notice of grant of letters; no presumption of payment therefore could be drawn from that: Mitchell's Est., 2 Watts, 87; Stoever's App., 3 W. & S. 154; Sergeant v. Ewing, 30 Pa. 75; Woodrow's Est., 144 Pa. 198.

OPINION BY MR. JUSTICE DEAN, July 18, 1895:

John Walls was the father of Augustus G. Walls; the son resided at Lock Haven, and the father at Lewisburg, less than an hour's journey distant. The son died on the 14th of June, 1890, and in the same month of the following year his father died. The administrator of the father, about two years after his death, brought this suit against his son's executrix for recovery of principal and interest of these two notes:

"$1,000.          LOCK HAVEN, March 6th, 1883.

"One day after date, I promise to pay to the order of John Walls, one thousand dollars, for value received, without defalcation.

"Witness my hand and seal,
"A. G. WALLS.     (Seal.)

"$100.          LEWISBURG, PA., April 7th, 1890.

"Three months after date, I promise to pay to the order of John Walls at the Union National Bank of Lewisburg, the sum of one hundred dollars, without defalcation or exemption, for value received.          A. G. WALLS."

It appeared that Johnson Walls, a brother of John, had died, leaving a will in which A. G. Walls, the son, was a legatee; of this will his father was executor. His mother had also died some years before, leaving a will in which her son was also a legatee, and of which John Walls, her husband, was executor

and trustee of their six children, among them A. G. Walls; to these children, after a life estate in the husband, she gave her estate in equal shares. The estimated value of each share was about $3,000.

There seem to have been a number of money transactions between father and son in their lifetime, as well as some correspondence; but as to this $1,000 note, although both lived more than seven years after its date, no reference to it is discoverable in the accounts or correspondence, nor does any living witness testify to an expression of either concerning it. On the 24th of September, 1888, more than five years after the son gave his father the $1,000 note, the father gave the son his note for $876.96, payable one day after date, with interest from 1st of September. A little over a year after, the father paid $500 on this note; he raised the money on the discount of an accommodation note of the son, which he, the father, afterwards lifted. A letter of August 27, 1889, from the father to the son clearly shows, that this $876.96 note was given the son on account of the latter's interest in his uncle Johnson Walls' estate, and the evidence was clear, $500 had been paid upon it by the father; there was no evidence that any further payment was made, unless the $100 note of April 7, 1890, given by the son to the father, and lifted by the latter, was another payment by the same method as that adopted for the $500 payment. As noticed, the son died a year before the father, and letters testamentary on his estate were granted to his widow, who published the usual statutory notice to creditors to present their claims, yet there is no evidence that the father, during the year he survived his son, made any demand for payment of the $1,000 note, although the relations between him and his son's widow during that time were altogether friendly. One witness, a sister of Mrs. Walls, testified that the month following the son's death she had a conversation with the father, and she said to him, her sister had been advised it was not necessary to file an account of the estate, as her husband owed no debts, and the father replied, " I guess Gust. had no debts;" she then told him all she knew about the affairs of his son, and he replied that he " was very glad she didn't need to go to that trouble," meaning the filing of an account.

When the case came to trial, this was about the substance

of the testimony offered and admitted. But defendant further offered in evidence the wills of Margaret Walls, John Walls, and Johnson Walls; on objection by plaintiff, they were rejected by the court, and the evidence which had been received was submitted to the jury, to find whether it warranted a presumption of payment of the $1,000 note. The verdict was for plaintiff, and defendant now appeals, assigning for error the exclusion of the wills, and affirmance of plaintiff's first written point.

The will of Margaret Walls was offered at the close of defendant's testimony, for the purpose of showing that the father, as executor and trustee under that will, had in his hands sufficient funds belonging to his son as legatee to more than pay the $1,000 note; the fact to be considered by the jury along with other evidence as tending to raise a presumption that the note was paid. The objections were, that the will was not evidence under the pleadings, because no copy had been furnished plaintiff, and because not specified in the notice of special matter under the rules of court; that there was no evidence of any settlement of the estate of Margaret Walls; that if admitted, it would result in an attempt to settle the accounts of the executor and trustee in the common pleas, when the orphans' court had exclusive jurisdiction.

It will be noticed, that one of the pleas was non assumpsit, and under it, to raise a presumption of payment, defendant had shown the date of the note, then death of the son more than seven years after that date; that the father had, about six years after the same date, given to the son his own note for $876.96, on account of an uncle's legacy, and had actually paid on it $500, and that after the son's death he had concurred in the statement of Mrs. Linn that his son owed no debts. While, standing by itself, the fact that he had money in his hands under Margaret Walls' and the uncle's wills coming to his son, after the date of the $1,000 note, would have been unimportant, yet taken in connection with the other facts it was a link in the chain of circumstances, which might have aided in inducing the belief that the note had been paid. It must be borne in mind that defendant admitted she could adduce no direct or positive evidence of payment; the possession of the note by plaintiff raised the presumption that it

was unpaid; but this was a presumption which could be rebutted by facts warranting the opposite presumption that it had been paid. Such facts, sufficient to warrant the court in submitting the question to the jury, had been proven; but the court excluded, appellant argues, other facts, the wills, equally significant of the correctness of the hypothesis that the note in fact had been paid, and from neglect or forgetfulness the evidence of the debt had not been canceled or taken up. Were the wills relevant to the issue? Any circumstance is relevant which makes more probable the hypothesis set up: Carey v. Bright, 58 Pa. 70. The defendant had offered, as tending in favor of the probability of her hypothesis, evidence: 1. Of lapse of time (seven years), apparently without demand on the note. 2. That then the alleged creditor in the $1,000 note gave to his debtor his own note in sum of $876.96, and the creditor paid the debtor $500 on this last note. 3. That after the debtor's death, when talking with a witness on the subject of his son's indebtedness, he said, " I guess he does not owe any debts," while, if the note were unpaid, he would owe at least $1,000, with interest for seven years. 4. When the executrix, by public advertisement, requested creditors to present their demands, this alleged creditor apparently, gave no notice of the debt, although he lived a year afterwards.

These were all distinct and independent facts; no one of them would have warranted the court in submitting the case to the jury; taken all together, they did warrant such submission ; and it seems to us, notwithstanding the opinion of the learned judge of the court below, who very carefully and impartially tried the cause, the wills should have been admitted in evidence. There was probably no harm done defendant by the exclusion of the Johnson Walls' will, for the admission of the letter of Aug. 27, 1889, showed, with reasonable probability, that A. G. Walls was a legatee of that estate, and that the individual note of $876.96 had been given him by his father on account of that legacy; but the will of Margaret Walls showed also a legacy to the son, which went into the hands of his father as trustee, and then the will of the father showed that the legacy was of the value of $3,000, and that in his lifetime he had been paying his children their legacies. It is true, the father says he has advanced that sum to his son, and the

will is dated 5th May, 1879, while the note is dated March 6, 1883, yet what subsequent transactions were had between the father and son to change the balance we do not know; we do know there was a decided change, for while by the body of the will of 5th May, 1879, the son is given $1,500 absolutely, and an equal share in his residuary estate, yet by a codicil to it eleven years after, on 15th of October, 1890, he revokes all legacies and bequests to the son, for the reason that he has paid him his full share of both estates, his mother's and his own. So that, clearly, between the date of the $1,000 note and the execution of the codicil, there were important financial transactions between them. The father's will is carefully drawn; he specifies with great particularity the amounts paid respectively to his children; he says he has advanced of his own estate to A. G. Walls $500; he says he holds two obligations of another son, giving the amounts and dates of each, but in the codicil revoking the bequests to A. G. Walls he makes no mention of an obligation of $1,000 still due and unpaid, while he takes from him the absolute bequest of $1,500, and his equal share in the estate. Of course, it would be out of place for us to discuss, now, the significance of this rejected evidence, or to intimate what weight it should have with the jury; we can only say that its rejection cannot be sustained on the ground that it was immaterial.

Nor would the admission of the evidence have been an usurpation of the jurisdiction conferred on the orphans' court. The plaintiff sued on a note; the defendant pleaded non assumpsit and payment, and offered in evidence wills which tended to show money in plaintiff's hands, belonging to A. G. Walls, long after the maturity of the note, which although due from the father in a representative capacity, both treated as an individual debt of the father, payable presently. This is shown by the correspondence, the note of the father, and the expressions in his will. As noted, the father died more than seven years after the $1,000 note was given; this lapse of time, without demand on a sealed instrument, of itself would be the slightest kind of evidence to raise a presumption of payment, and would have been clearly insufficient to send the case to a jury; but add to this the fact that the obligee had in his hands, during that time, the means of payment, then the fact of delay becomes of more

importance. We by no means go to the length to which the New York cases have gone, and hold that the mere lapse of time and funds in the hands of the obligee, of themselves, warrant the conclusion the debt has been discharged; if the obligor be the son of the obligee, and the son be impecunious, while the father is in easy circumstances and indulgent, he may, in generosity to his son, suspend demand on his own debt, and pay to the son the money in his hands. But that is for the consideration of the jury. We only hold that the fact of funds in the hands of the creditor is some evidence for the jury, and admitting it as evidence tending to raise a presumption of payment, is not a settlement of accounts in the common pleas, which should be settled in the orphans' court. While the learned judge of the court below does not set out fully his reasons for rejecting the testimony, yet it would seem, from the stenographer's report, as if this latter was the ground of the ruling.

But it is further argued, that under the rules of court regulating pleadings the evidence was inadmissible.

Rule 99 of the court of common pleas provides, that either party to an action may require in writing, of the opposite party, an exhibition of any paper upon which the action is founded, or which is relied on as a defense. Rule 100, that under a plea with leave to give the special matter in evidence the special matter shall be set out within thirty days after demand by plaintiff. On neglect or refusal in either case, such paper or special facts will not be admitted in evidence. Plaintiff's counsel made demand, as required by these rules, and in response was furnished with copy of $876.96 note, and copies of the letters of August 31, 1889, and March 6, 1890, from John Walls to his son, but copies of the three wills were not furnished. The second rule has no application to the offer of the wills in evidence; the defendant did not plead the general issue with leave to give the special matter in evidence. The questions then are: 1. Was the evidence admissible under the general issue? 2. If so admissible, does a proper construction of rule 99 exclude it?

In Heck v. Shener, 4 S. & R. 249, this is the language of this court in the opinion delivered by TILGHMAN, C. J.: "I am not permitted to cite the adjudications in the British courts, since the revolution, or it would be easy to show, that the judges

have differed in opinion, and the question is, at the present moment (1818), unsettled.  As it was likewise unsettled at the time of the revolution, we are at liberty to decide it now, according to the reason of the thing, aided by the sentiments expressed from time to time by our own judges.  By the plea of non assumpsit, the defendant puts the plaintiff on proving his whole case, and entitles himself to give in evidence anything which shows that at the time the action was commenced the plaintiff had no right to recover." This ruling has been followed in many cases since, down to as late as Scott v. Kittanning Coal Co., 89 Pa. 231.  We think it was competent, under the general issue, for defendant to show plaintiff ought not to recover, by adducing in evidence facts which would tend to raise the presumption of payment.

If this be so, then, has defendant barred the evidence of such facts as the wills, by neglect to specify them in writing on demand made under rule 99 ?  We do not think the rule warrants the broad construction given it by appellee's counsel ; such construction, in effect, would exclude every scrap of printed or written testimony which could be offered by a defendant tending to show his plea was well founded.  If the defendant had relied on a release, receipt or a counterclaim, evidenced by writing, which presumably would have been in her possession, under the rule, she would have been bound to furnish or permit a copy.  This she did as to the $876.96 note, and the two letters, for they were the papers on which she relied to establish her set-off.  But the wills were not hers, nor in her possession ; they were public records, as accessible to plaintiff as to her. The wills were not relied on, as papers absolutely necessary to her defense ; of themselves, they would have been utterly insufficient to establish a defense ; they were items of evidence, which, along with many others, might raise a presumption of fact in her favor, and that was the only significance they had. It certainly would not be reasonable to hold that under such a notice the defendant was bound to give the evidence in detail which she expected to offer.

But it is a maxim that every court is the best exponent of its own rules ; either the court here thought the evidence admissible under the plea of non assumpsit without regard to the rule, and therefore was not embraced by it, or that the writings

were not such as the rule required defendant to furnish copies of on demand; for the letters testamentary upon the will of A. G. Walls were offered in evidence by defendant; copies had not been furnished plaintiff on demand; the same objection, among others, was made, to wit, that copies had not been furnished as required by rules 99 and 100; the court overruled the objection and admitted the evidence. Obviously, in the construction of its own rules, the court did not think they excluded all documentary testimony of which copies had not been furnished in response to the demand. The ruling in this particular shows that the rejected evidence was excluded on the mistaken supposition that the admission would involve a settlement of accounts properly cognizable in the orphans' court. Therefore, although otherwise the cause was well tried, we are of opinion there was error in the rejection of defendant's offers which may have controlled the event.

There was no error in affirming plaintiff's first written point, except that which may be found in the last few words of it; the court was asked to say that no presumption of payment of the note arose from the neglect by John Walls to make a demand during his lifetime of the $1,000 from the defendant. This is correct; that fact alone would not raise a presumption of payment; but it was a fact to be considered by the jury, along with the other facts in the case, in determining whether the whole evidence warranted a presumption of payment. The last words of the point, however, should not have been affirmed. In them the court was asked to instruct the jury there was no evidence to negative such demand. There was no positive evidence that a demand had not been made, but defendant proved her appointment as representative of the debtor, the publication of notice to creditors to present their demands, and knowledge on part of this creditor that she was executrix; and this evidence was offered for the declared purpose of showing no demand. If demand had been made on her, there should have been some evidence of it within the power of plaintiff to produce, either among the records of the orphans' court, or a receipt or acknowledgment by her of the demand in possession of plaintiff. That no demand was made was not clearly proven, but such evidence as was offered was for the consideration of the jury.

For these reasons the assignments of error are sustained, the judgment is reversed and v. f. d. n. awarded.